# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-259V
### Filed: September 14, 2020
UNPUBLISHED

|  |  |
|---|---|
| ROBERT BROOKS, as Executor of the Estate of DURETTA BROOKS,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Joint Stipulation on Damages; Pneumococcal conjugate vaccine; Angioedema. |

*Diana Lynn Stadelnikas, Maglio Christopher and Toale, PA, Sarasota, FL for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On February 20, 2018, petitioner filed a petition on behalf of his deceased mother's estate for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that his mother suffered angioedema as a result of her receipt of the pneumococcal conjugate ("PCV13") vaccine on May 9, 2017, and that her death was a sequala of her angioedema. Petition at p. 1; Stipulation, filed September 9, 2020, at ¶ 2-4. Petitioner further alleges that there has been no prior award or settlement of a civil action for damages on behalf of Mrs. Brooks as result of her condition and/or death. Petition at p. 3; Stipulation at ¶¶ 5. "Respondent denies that petitioner's mother ("Mrs. Brooks") suffered any injury as a result of the PCV13 vaccine administered on or about May 9, 2016, and denies that Mrs. Brooks' death was a sequela of her allegedly vaccine-related angioedema." Stipulation at ¶ 6.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on September 9, 2020, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

**A lump sum of $200,000.00 in the form of a check payable to petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under § 15(a). *Id.*

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.