# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 27, 2021

| | |
|---|---|
| * * * * * * * * * * * * *    * <br> ROBERT BROOKS *as Executor of*      * <br> *the Estate of* DURETTA BROOKS,     * <br>                                           * <br>           Petitioner,             * <br>                                           * <br> v.                                          * <br>                                           * <br> SECRETARY OF HEALTH         * <br> AND HUMAN SERVICES,         * <br>                                           * <br>           Respondent.            * <br> * * * * * * * * * * * * * | UNPUBLISHED <br><br> No. 18-259V <br> Special Master Horner <br><br><br><br><br><br> Attorneys' Fees and Costs |

Diana L. Stadelnikas, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 20, 2018, Robert Brooks ("petitioner"), filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] on behalf of his deceased mother's estate, alleging that his mother suffered angioedema as a result of her receipt of the pneumococcal conjugate vaccine on May 9, 2017, and that her death was a sequala of her angioedema. (ECF No. 1.) On September 9, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on September 14, 2020. (ECF No. 54).

On October 7, 2020, petitioner filed an application for attorneys' fees and costs. (ECF No. 58) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $46,894.97 (representing $40,164.70 in fees and $6,730.27 in costs). Fees App. at 1. Pursuant to General Order

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

No. 9, petitioner states that he has personally incurred costs of $678.00 related to this litigation. *Id.* at 2. Respondent responded to the motion on October 20, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 60). Petitioner filed a reply on the same day, reiterating his belief that the requested attorneys' fees and costs were reasonable. (ECF No. 61).

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests that his attorney, Ms. Diana Stadelnikas, be compensated at an hourly rate of $359.00 per hour for work performed in 2016, $372.00 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $415.00 per hour for work performed in 2019, and $440.00 per hour for work performed in 2020. Fees App. Ex. 1 at 18. These rates are consistent with what Ms. Stadelnikas has previously been awarded for her Vaccine Program work, and I find them to be reasonable for work performed in the instant case as well.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $40,164.70.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $6,730.27 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert, Dr. M. Eric Gershwin. Fees App. at Ex. 2 at 1. Petitioner has provided adequate documentation of the requested costs and they appear to be reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

### d. Petitioner's Costs

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Pursuant to General Order No. 9, petitioner states that he has personally incurred costs of $678.00 in pursuit of this litigation. Fees App. Ex. 3 at 1. This is for a review and filing fee for the final accounting of petitioner's mother's estate. I find this cost to be reasonable and supported with documentation, and it shall be fully reimbursed.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $40,164.70 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$40,164.70** |
| | |
| Attorneys' Costs Requested | $6,730.27 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,730.27** |
| | |
| **Total Attorneys' Fees and Costs** | **$46,894.97** |
| | |
| **Petitioner's Costs** | **$678.00** |
| | |
| **Total Amount Awarded** | **$47,572.97** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows:

1) **a lump sum in the amount of $46,894.97, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Ms. Diana Stadelnikas; and**

2) **a lump sum in the amount of $678.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

s/Daniel T. Horner
Daniel T. Horner
Special Master
